Michael H. Church
Melody D. Farance
Dianne K. Rudman
Stamper Rubens, P.S.
720 West Boone, Suite 200
Spokane, WA  99201
Attorneys for Plaintiffs
Telephone:  (509) 326-4800

# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| HOWARD CROSBY and OMAR FATTAH, <br><br>           Plaintiffs, <br><br> vs. <br><br> PETROMED, INC., a Nevada corporation; PETROMED, LTD., a Canadian corporation; PETROMED, PLC (a/k/a PETROMED, PLC-UK), a United Kingdom corporation; PETROMED CORPORATION, a Belize corporation; HAGAI AMIR and JANE DOE AMIR, husband and wife, d/b/a ABBERLEY INTERNATIONAL, LTD.; RUSSELL KOCH and JANE DOE KOCH, husband and wife, d/b/a ATLANTIQUE CAPITAL GROUP and BOSWELL SYSTEMS CORPORATION; PETROMED CONSORTIUM CORPORATION OF THE BAHAMAS, a Bahamian corporation; LYLE DURHAM and DEBORAH L. DURHAM, husband and wife; THOMAS J. HARRIS, CPA, and JANE DOE HARRIS, husband and wife; and JOHN DOES 1 THROUGH 50, INCLUSIVE, <br><br>           Defendants. | ) <br> ) <br> ) <br> )  NO. <br> ) <br> ) <br> )  COMPLAINT <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> )  **JURY TRIAL DEMANDED** <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

COMPLAINT: 1

COME NOW the Plaintiffs, Howard Crosby and Omar Fattah, and for causes of action against the Defendants, allege as follows:

## I.   PARTIES

1.1   At all times material hereto, Plaintiff Howard Crosby, has resided in the above judicial district.

1.2   At all times material hereto, Plaintiff Omar Fattah, has resided in the country of Mexico.

1.3   At all times herein pertinent, upon information and belief, Defendant PetroMed, Inc., was and now is a Nevada corporation authorized to do business in the State of Washington, and doing business in the above judicial district.

1.4   At all times herein pertinent, upon information and belief, Defendants Hagai Amir and Jane Doe Amir, husband and wife, d/b/a Abberley International, Ltd. (hereinafter "Amir"), constituted a marital community residing in British Columbia, Canada.  All acts alleged herein to have been performed by either of said Defendants were performed for and on behalf of said marital community. Plaintiffs are ignorant of the true name of Defendant "Jane Doe" Amir, and for that reason, she is sued under a fictitious name.  Defendants Amir conduct and transact business under the assumed name of Abberley International, Ltd.

COMPLAINT: 2

1.5    At all times herein pertinent, upon information and belief, Defendants Russell Koch and Jane Doe Koch, husband and wife, d/b/a Atlantique Capital Group and/or Boswell Systems Corporation (hereinafter "Koch"), constituted a marital community residing in King County, Washington.    All acts alleged herein to have been performed by either of said Defendants were performed for and on behalf of said marital community.    Plaintiffs are ignorant of the true name of Defendant "Jane Doe" Koch, and for that reason, she is sued under a fictitious name.    Defendants Koch conduct and transact business under the assumed name of Atlantique Capital Group and also Boswell Systems Corporation.

1.6    At all times herein pertinent, upon information and belief, Defendant PetroMed, Ltd. was and now is an Ontario, Canada corporation.

1.7    At all times herein pertinent, upon information and belief, Defendant PetroMed Corporation was and now is a foreign corporation, and a successor corporation to PetroMed, PLC.

1.8    At all times herein pertinent, upon information and belief, Defendant PetroMed, PLC (a/k/a PetroMed, PLC-UK) was and now is a foreign corporation, and a successor corporation to PetroMed, Inc. and PetroMed, Ltd.

1.9    At all times herein pertinent, upon information and belief, Defendant Petromed Consortium Corporation of the Bahamas was and now is a foreign

COMPLAINT: 3

corporation, and a successor corporation to PetroMed, PLC.

1.10   At all times herein pertinent, upon information and belief, Defendants Lyle Durham and Deborah L. Durham, husband and wife (hereinafter "Durham") constituted a marital community residing in King County, Washington.  All acts alleged herein to have been performed by either of said Defendants were performed for and on behalf of said marital community.

1.11   At all times herein pertinent, upon information and belief, Defendants Thomas J. Harris, CPA, and Jane Doe Harris, husband and wife, (hereinafter "Harris") constituted a marital community residing in King County, Washington. All acts alleged herein to have been performed by either of said Defendants were performed for and on behalf of said marital community.  Plaintiffs are ignorant of the true name of Defendant "Jane Doe" Harris, and for that reason, she is sued under a fictitious name.

1.12   John Does 1 through 50, inclusive, are, upon information and belief, former and current officers, directors and/or speaking agents of the PetroMed entities, including but not limited to, PetroMed, Inc., PetroMed, Ltd. and/or PetroMed PLC and/or PetroMed Corporation and/or PetroMed Consortium Corporation of the Bahamas.

COMPLAINT: 4

## II.    **JURISDICTION AND VENUE**

2.1    This action arises under the Securities Exchange Act of 1934 ("Exhange Act"), Section 10(b), [codified at 15 U.S.C. § 78j and at 15 U.S.C, 78r as to Defendant Harris)] and SEC Rule 10b-5 [17 CFR § 270.10b-5 (2004)], and the Securities Exchange Act of 1933 [codified at 15 U.S.C. 77k], and the laws of the State of Washington.  Plaintiffs seek to recover damages sustained as a result of Defendants' conduct, along with the costs of this suit, interest, and reasonable attorney's fees.   The Court's jurisdiction is invoked under 28 U.S.C. §§ 1331, 1332, 1337, and 1367, Securities Exchange Act of 1934, § 27; 15 U.S.C. § 78aa, and the doctrine of pendent jurisdiction.

2.2    The amount in controversy, without interest and costs, exceeds the sum or value specified by 28 U.S.C. § 1332.

2.3    The Defendants are subject to the personal jurisdiction of this Court under Fed. R.Civ. P. Rule 4(e) under the nationwide service of process provisions of 15 U.S.C. § 78aa.

2.4    Venue is proper in this District under 28 U.S.C. § 1391 (b) and 9 (c). A substantial part of the events and conduct giving rise to the violations of law complained of herein occurred in or emanated from this judicial district.   In addition, it is believed that Defendants continue to conduct regular business with

COMPLAINT: 5

consumers in this judicial district.

### III.   FACTS

3.1   On or about July 29, 2003 Kelsey Environmental Technologies, a Nevada corporation formed by Russell Koch in November 2000, officially changed its name to PetroMed, Inc.

3.2   Though Russell Koch was not a named officer or director, he controlled, directed and operated PetroMed, Inc.

3.3   Defendant Russell Koch solicited an investment in PetroMed, Inc. from Plaintiff, Howard Crosby in this judicial district.

3.4   Koch represented to Howard Crosby that PetroMed, Inc. was a private startup company involved in the exploration of oil and gas off the coast of Israel, and needed an influx of capital to enable the company to contract with Columbia Basin Energy Corporation, a geophysics consultant, and ultimately secure oil and gas permits from and within the Country of Israel.

3.5   After subsequent discussions with Russell Koch, Howard Crosby invested 30,000.00 USD in PetroMed, Inc. In exchange for his investment, Howard Crosby was issued 500,000 shares  in PetroMed, Inc.

3.6   In  or  about  September  2006, Russell  Koch  began  soliciting investments from Plaintiff Omar Fattah.

3.7    After engaging in several discussions with Russell Koch and later Hagai Amir, Omar Fattah agreed to invest a total of 475,000 USD in PetroMed. Omar Fattah was led to believe he was investing in PetroMed, PLC and later in PetroMed Corporation; however, the stock subscription agreements were issued for PetroMed, Inc. (hereinafter the "Stock Investment Agreement(s)".) Also, the bank account to which the funds were wire transferred in 2006 and 2007 was in PetroMed Inc.'s name (rather than PLC or Corp.) and the funds in 2008 were transferred to the bank account in the name of PLC, rather than Corp.

3.8    Omar Fattah's investments in the various PetroMed entities began with an initial investment in PetroMed, Inc. of 125,000 USD on October 19, 2006. On December 8, 2006, Omar Fattah invested an additional 100,000 USD in PetroMed, Inc. and a further 50,000 USD on April 17, 2007.

3.9    On August 19, 2007, Omar Fattah made an investment of 100,000 USD in PetroMed in exchange for a convertible promissory note that was convertible for an additional 100,000 PetroMed shares. The promissory note has the address for PetroMed Ltd., the note references PetroMed Corporation, but the note bears the seal of PetroMed PLC. This 100,000 USD investment was made as a result of a conversation with Russell Koch in which Koch stated that this was the last chance to get a 3D seismic ship required to maintain the permits and that the

ship was apparently waiting for payment. Koch informed Omar Fattah that time was of the essence otherwise PetroMed would lose the opportunity to get the 3D work done. No 3D seismic work was ever done.

3.10   On March 28, 2008, Omar Fattah invested 20,000 USD in PetroMed Corporation, however he was instructed to wire the funds to a PetroMed PLC account by Russell Koch. An additional 60,000 USD was invested in PetroMed Corporation on April 15, 2008.  A further 20,000 USD was invested in PetroMed, Corporation on July 10, 2008.  In each case the instructions were again to send the funds to the PetroMed PLC account.

3.11   Defendant PetroMed, Inc. represented that it was necessary to raise millions of dollars through investors, and also obtain outside financing in order to apply for exploratory permits off the coast of Israel.  PetroMed, Inc. claimed to have expended substantial funds on geological experts, seismic data, and studies and mapping of potential drilling sites to identify the presence of hydrocarbons.

3.12   Instead of using the funds as represented, Defendants used the funds for the benefit of Russell Koch and his companies, Atlantique Capital Group and Boswell Systems Corporation, and Hagai Amir and his company, Abberley International, Ltd.

3.13   On or about March 30, 2006, Russell Koch and Hagai Amir submitted

COMPLAINT: 8

an application for four initial "exploration permits" for areas off the shore of Israel to the Ministry of National Infrastructures, Oil & Gas Explorations & Licensing Division, Jerusalem, Israel. The permits were supposed to be in the name of PetroMed, Inc. All funds expended for said permits were raised from shareholders.

3.14   On December 28, 2005, a Canadian company, Linux Corporation, changed its name to PetroMed, Ltd.  Defendants, Hagai Amir and Lyle Durham, were both listed as officers and directors of PetroMed, Ltd., and Russell Koch was an officer (secretary) and an agent of PetroMed, Ltd.

3.15   Upon information and belief, at all times Russell Koch controlled and directed PetroMed, Ltd.

3.16   Hagai Amir submitted the application for "exploration permits" to the Israeli government, but under the name "PetroMed, Ltd."  This application was filed without notice to or approval of PetroMed, Inc.'s shareholders, who had incurred 100% of the costs and expenses associated with the permit application process.

3.17   Despite the fact PetroMed, Ltd. had no legal or equitable right to them, on or about July 16, 2006, the Ministry of National Infrastructures granted preemption rights and preliminary permits in the name of PetroMed, Ltd.  As a result, all shares in PetroMed, Inc. no longer had any value.

3.18   In an effort to avoid multiple shareholder lawsuits, while at the same time substantially increasing their profit ownership, the individual Defendants then devised the following plan:

a.   The individual Defendants located a dormant United Kingdom company, Raddichio, PLC, and on May 26, 2006 changed its name to PetroMed, PLC, representing to PetroMed shareholders that their ownership interests were to merge as a share for share exchange with the same nominal ownership, which never occurred.  Both Hagai Amir and Lyle Durham were again named directors in PetroMed, PLC, but upon information and belief, at all times Russell Koch controlled, directed, and operated the Company.

b.   PetroMed, PLC then agreed to issue to PetroMed, Ltd. 25,142,427 shares of PetroMed, PLC in exchange for the exclusive exploratory permits issued to PetroMed, Ltd., pursuant to an asset purchase agreement under the direction and approval of director Lyle Durham.

c.   Because PetroMed, PLC's issued and outstanding shares totaled 56,641,777 as of September 20, 2006, PetroMed, Ltd.'s shareholders (who on information and belief consist of the named individual Defendants) now owned almost one-half of PetroMed, PLC's stock without paying any consideration for the same.

COMPLAINT: 10

d.    On August 4, 2006, PetroMed, Inc., without any shareholder notice or approval, agreed to enter into a share exchange agreement with PetroMed, PLC.   PetroMed, PLC agreed to issue 17,137,750 shares to PetroMed, Inc. (which number equaled the total issued and outstanding shares of PetroMed, Inc.) for no consideration.

3.19   Since PetroMed, PLC's total issued and outstanding shares were 56,641,777, the share exchange with PetroMed, Inc. resulted in a 69.75% dilution in share ownership of PetroMed, Inc.'s stock.

3.20   Subsequently, Defendant Koch continued his intricate shell game. Specifically, on January 18, 2007, the board of directors of PetroMed, PLC (consisting of Russell Koch, Hagai Amir, and John Gillespie) adopted a resolution transferring the Israeli exploratory permits to Defendant PetroMed Consortium Corporation of the Bahamas or some other PetroMed entity, again for no consideration and without shareholder notice or approval.

3.21   On February 9, 2007, Russell Koch, signing as president of PetroMed Consortium Corporation of the Bahamas, granted all exclusive exploratory rights (by deed) to Altmark Holdings, Ltd., a foreign entity.

3.22   In January 2008, the exploratory permits expired. The Defendants failed to explain to shareholders and investors that the permit was only effective

COMPLAINT: 11

for eighteen months and then the company receiving the permit must apply for drilling licenses which, on information and belief, are effective for up to seven years.

3.23   In February 2008, Omar Fattah met with Russell Koch and Hagai Amir to address the issues of unfulfilled promises, lack of any meaningful results, and poor communication as well as the fact that the company's only asset, the exploration permits, had expired in January 2008. One of the concerns expressed to the Defendants was that there had been no communication at all to inform shareholders that the permits were for 18 months only and that a new procedure to apply for a drilling license was necessary. There had been no communication of the possible risk of not obtaining the drilling licenses. Defendants Koch and Amir claimed that they needed more funds to go to Israel to negotiate with potential partners and prepare for the drill license application. However, upon information and belief, it is believed that Defendants Koch and Amir did not go to Israel. Nevertheless, the licenses were issued to PetroMed Corporation although the exploration permits were issued to PetroMed Ltd.

3.24   Russell Koch and Hagai Amir had previously disclosed that they intended to conduct a 50:1 reverse stock split in PetroMed, PLC and issue new shares in PetroMed Corporation equivalent to 1.00 USD per share.  This was not,

COMPLAINT: 12

however, communicated to the shareholders.

3.25   The drilling licenses were issued to a PetroMed entity in July 2008. The drilling licenses were issued to PetroMed Corporation even though PetroMed Ltd. or some other PetroMed entity was the entity that received the drilling permit and PetroMed, Inc. or some other PetroMed entity had made all of the payments for the same.

3.26   Thomas Harris, CPA, prepared the audited financial statements that were used to entice investors into this fraudulent scheme. The information or lack of information provided was material and false.  Harris knew, or was reckless in not knowing, that the information that was the basis for the financial statements was false.  Harris also knew, or was reckless in not knowing, that the information provided in the financial statements would be relied upon by investors, potential investors and shareholders, including the Plaintiffs.

## IV.   FIRST CAUSE OF ACTION –VIOLATIONS OF SECTION 10(b) OF THESECURITIES EXCHANGE ACT OF 1934 AND RULE 10b-5 / SECURITY EXCHANGE ACT OF 1933

(Amir, Koch, Durham, Harris, PetroMed, Inc., PetroMed, Ltd., PetroMed, PLC, PetroMed Corporation, PetroMed Consortium Corporation of the Bahamas, and John Does 1-50)

4.1   Plaintiffs reallege every allegation previously pled as if such allegations were stated herein in their entirety.

COMPLAINT: 13

4.2   Defendants directly or indirectly, singly or in concert, by use of the means of instrumentality of interstate commerce, or by use of the mails, or of the facilities of the national securities exchange, in connection with the purchase and sale of securities, knowingly or recklessly, have (a) employed manipulative or deceptive devices, schemes and artifices to defraud; (b) made untrue statements of material facts and omitted to state material facts necessary in order to make statements made, in light of the circumstances under which they were made, not misleading; and/or (c) engaged in acts, practices and courses of business which operated or would have operated as fraud or deceit upon purchases of securities upon other persons.

4.3   As part of and in furtherance of the fraudulent scheme and other violative conduct described above, Defendants, directly or indirectly, singly or in concert, knowingly or recklessly, engaged in and/or employed fraudulent and manipulative or deceptive devices, schemes and artifices, contrivances, acts, transactions, practices and courses of business and/or made the misrepresentations and/or omitted to state the facts alleged above in paragraphs 3.1 through 3.26.

4.4   The false and misleading statements and omissions made by the Defendants, as more fully described above in paragraphs 3.1 through 3.26, were material.

4.5    Defendants knew or were reckless in not knowing that these material misrepresentations or omissions, more fully described above in paragraphs 3.1 through 3.26, were false and/or misleading and the Defendants also acted with the requisite scienter by knowingly or recklessly engaging in the fraudulent scheme and other misconduct described above in paragraphs 3.1 through 3.26.

4.6.    The  material  misrepresentations,  misleading  statements  and/or omissions were in connection with the purchase or sale of a security.

4.7    The Plaintiffs reasonably relied on the material misrepresentations, misleading statements and/or omissions and have suffered economic loss as a direct result in an amount to be proven at trial.

4.8    By reason of the foregoing, Defendants, singly or in concert, directly or indirectly, have each violated, Section 10(b) of the Securities Exchange Act of 1934 [15 U.S.C. 78j(b)] [and 15 U.S.C. 78r (re: Harris)] and Rule 10b-5 thereunder [17 C.F.R. § 240.10b-5],and the Securities Exchange Act of 1933 [15 U.S.C. 77K].

4.9    By reason of the foregoing and pursuant to the Exchange Act, Defendants also aided and abetted, and are therefore also liable for, each others primary violations, because they each knowingly provided substantial assistance to such other Defendants' violations of the statutes and rules delineated above.

## V.    SECOND CAUSE OF ACTION – CRIMINAL PROFITEERING

(Amir, Koch, Durham, Harris, PetroMed, Inc., PetroMed, Ltd., PetroMed,
PLC, PetroMed Corporation, PetroMed Consortium Corporation of the
Bahamas, and John Does 1-50)

5.1    Plaintiffs reallege every allegation previously pled as if such allegations were stated herein in their entirety.

5.2    As part of the misconduct set-forth herein, Defendants initiated the perpetration of a pattern of criminal profiteering activity by engaging in repeated and systematic acts in violation of RCW 9A.82.010 et seq.

5.3    Defendants committed the acts alleged herein for financial gain and, accordingly, said acts constitute criminal profiteering.

5.4    Defendants' conduct as described herein was a direct violation of RCW 9A.82.010, et seq. and constitutes criminal profiteering, which has damaged Plaintiffs in amounts to be proven at the time of trial.

5.5    In addition to actual damages, Plaintiffs have also incurred substantial fees in investigating and discovery of the number of misdeeds committed by the Defendants.

COMPLAINT: 16

## VI.    THIRD CAUSE OF ACTION – CIVIL CONSPIRACY

(Amir, Koch, Durham, Harris, PetroMed, Inc., PetroMed, Ltd., PetroMed, PLC, PetroMed Corporation, PetroMed Consortium Corporation of the Bahamas, and John Does 1-50)

6.1    Plaintiffs reallege every allegation previously pled as if such allegations were stated herein in their entirety.

6.2    Defendants entered into an agreement between themselves to conspire to, among other things, deprive Plaintiffs of their property by inducing Plaintiffs to make the investments as stated herein which was unlawful and/or was accomplished by unlawful means.  As a result of Defendants' actions, Defendants, were enriched to the detriment of Plaintiffs' financial interests.

6.3    Defendants have conspired and acted, as set forth above, pursuant to the conspiracy, willfully, deliberately and with specific intent to injure Plaintiffs. Such actions were unlawful and/or were accomplished by unlawful means. By reason of Defendants' action, Plaintiffs, and each of them, are entitled to damages from Defendants.  Defendants, as co-conspirators, are jointly and severally liable to Plaintiffs, and to each of them, for the damages sustained by Plaintiffs as a result of Defendants' action.

COMPLAINT: 17

## VII.   FOURTH CAUSE OF ACTION – ESTOPPEL BY MISREPRESENTATION

(Amir, Koch, Durham, Harris, PetroMed, Inc., PetroMed, Ltd., PetroMed, PLC, PetroMed Corporation, PetroMed Consortium Corporation of the Bahamas, and John Does 1-50)

7.1    Plaintiffs reallege every allegation previously pled as if such allegations were stated herein in their entirety.

7.2    Plaintiffs in good faith reasonably relied upon Defendants' representations. The Plaintiffs were enticed into investing in Defendants' company based on representations made by Defendants.

7.3    Defendants led Plaintiffs to believe that they would have long-term relationships with Defendants with the promise of financial gain and in reasonable reliance of those representations, Plaintiffs began fulfilling their obligations as investors/shareholders to the various PetroMed entities.

7.4    Plaintiffs were damaged as a result of their reasonable reliance on the Defendants' misrepresentations.

7.5    Defendants are estopped by their misrepresentations from denying Plaintiffs the benefit of their agreement.

## VIII.    FIFTH CAUSE OF ACTION – UNJUST ENRICHMENT

(Amir, Koch, Durham, PetroMed, Inc., PetroMed, Ltd., PetroMed, PLC,
PetroMed Corporation, PetroMed Consortium Corporation of the Bahamas
and John Does 1-50)

8.1     Plaintiffs reallege every allegation previously pled as if such allegations were stated herein in their entirety.

8.2     Plaintiffs are entitled to the benefit of the PetroMed assets.

8.3     The assets in which the Plaintiffs maintain an interest by way of their investments in the various PetroMed entities are implied in law.

8.4     Defendants have profited and/or benefited from the Plaintiffs' investments into the companies and such profit or benefit is unjust.

8.5     Defendants were clearly aware of the profits and/or benefits conferred upon them by the Plaintiffs.

8.6     Defendants' retention of the benefits/profits/assets conferred upon them and/or acquired by them would be inequitable and/or unjust without Defendants paying for the same.

## IX.    SIXTH CAUSE OF ACTION – VIOLATION OF OFFICER'S DUTIES

(Amir, Koch, Durham and John Does 1-50)

9.1     Plaintiffs reallege every allegation previously pled as if such allegations were stated herein in their entirety.

COMPLAINT: 19

9.2   RCW 23B.08.420 requires corporate officers to discharge their duties in good faith and in the best interest of the corporation.

9.3   By improperly converting corporate funds to their personal benefit and engaging in other wrongful acts, Defendants are in violation of RCW 23B.08.240.

## X.   SEVENTH CAUSE OF ACTION – VIOLATION OF DIRECTOR'S DUTIES

(Amir, Koch, Durham and John Does 1-50)

10.1   Plaintiffs reallege every allegation previously pled as if such allegations were stated herein in their entirety.

10.2   RCW 23B.08.300 requires corporate directors to discharge their duties in good faith and in the best interest of the corporation.

10.3   By improperly converting corporate funds to their personal benefit and engaging in other wrongful acts, Defendants  are in violation of RCW 23B.08.300.

## XI.   EIGHTH CAUSE OF ACTION – BREACH-SPECIFIC PERFORMANCE

(PetroMed, Inc., PetroMed, Ltd., PetroMed, PLC, PetroMed Corporation, and PetroMed Consortium Corporation of the Bahamas)

11.1   Plaintiffs reallege every allegation previously pled as if such allegations were stated herein in their entirety.

COMPLAINT:  20

11.2   The Stock Investment Agreement contains material terms of the contract between the parties which Plaintiffs seek to enforce herein.

11.3   By reason of Defendants' refusal to issue new certificates from PetroMed, PLC, Defendants are in breach.

11.4   By reason of Defendants' breach of the parties' agreement, Plaintiffs request specific performance upon the written contractual terms.

## XII.   NINTH CAUSE OF ACTION – BREACH OF CONTRACT DAMAGES

(PetroMed, Inc., PetroMed, Ltd., PetroMed, PLC, PetroMed Corporation, and Petromed Consortium Corporation of the Bahamas)

12.1   Plaintiffs reallege every allegation previously pled as if such allegations were stated herein in their entirety.

12.2   As a result of Defendants' (and its successors') failure to comply with the terms of the parties' agreements, Defendants are in breach of same.

12.3   By reason of the foregoing breach, and as a direct and proximate result thereof, Plaintiffs have suffered damages in a sum to be determined at time of trial.

## XIII.  TENTH CAUSE OF ACTION – WASHINGTON SECURITIES ACT VIOLATIONS
(Amir, Koch, Durham, Harris and John Does 1-50)

13.1   Plaintiffs reallege every allegation previously pled as if such allegations were stated herein in their entirety.

COMPLAINT: 21

13.2  Defendants Hagai Amir, Russell Koch, Lyle Durham, Thomas Harris and John Does 1 through 50 were at all times herein, directors, officers, agents or employees of PetroMed, Inc., PetroMed, Ltd., PetroMed, PLC, PetroMed Consortium Corporation and/or PetroMed Corporation.

13.3  Said individual Defendants knew or should have known of the wrongful acts or transactions and/or were personally involved and/or materially aided in the wrongful acts or transactions. Specifically, that material representations were made with the intent to deceive Plaintiffs and transactions were conducted with the intent to defraud the Plaintiffs. Plaintiffs have been damaged as a direct result, and Defendants have profited from their violations of the Washington Securities Act.

13.4  Pursuant to RCW 21.20.430, Defendants Amir, Koch, Durham, Harris and John Does 1-50 are jointly and severally liable for any and all violations of the Washington Securities Act committed by PetroMed, Inc., PetroMed, Ltd., PetroMed PLC, PetroMed Corporation and/or Petromed Consortium Corporation.

13.5  By reason of Defendants wrongful acts and/or transactions or involvement and or knowledge or constructive knowledge of said acts or transactions, Plaintiffs have been damaged in an amount to be determined at trial with interest and attorneys fees to be calculated as part of the damages.

## XIV.  ELEVENTH CAUSE OF ACTION – FRAUD

(Amir, Koch, Durham, Harris, PetroMed, Inc., PetroMed, Ltd., PetroMed, PLC, PetroMed Corporation,  Petromed Consortium Corporation of the Bahamas, and John Does 1-50)

14.1   Plaintiffs reallege every allegation previously pled as if such allegations were stated herein in their entirety.

14.2   Defendants represented that in return for an investment, Plaintiffs would receive shares of common stock and that the PetroMed entity in which they were investing had certain valuable assets.  Each of those promises were material elements of the stock investment agreements between the parties.

14.3   PetroMed, Inc.'s successor companies have refused to deliver (on a share for share basis) new certificates for the shares held in PetroMed, Inc. and have diverted company assets.

14.4   Defendants made material representations that they would deliver shares in PetroMed, Inc. with knowledge that they would never be delivered, thus that such representations were, in fact, false.   Defendants made material representations that the PetroMed entity in which Plaintiffs were investing held certain valuable assets. The Defendants made these representations, knowing of their falsity, with the intent to defraud and deceive Plaintiffs and with the intent to induce Plaintiffs to act in the manner alleged.

COMPLAINT: 23

14.5    Defendants also made material representations that they would deliver all shareholders of PetroMed, Inc. new stock certificates in PetroMed, Inc.'s successor, PetroMed, PLC.    Hagai Amir announced to all shareholders that this would be a share for share transfer with identical ownership. The Defendants made these representations, knowing of their falsity, with the intent  to defraud and deceive Plaintiffs and with the intent to induce Plaintiffs to act in the manner alleged.

14.6    Plaintiffs, at the time said representations were made by Defendants and at the time Plaintiffs took the actions herein alleged, were ignorant of the falsity of Defendants' representations and believed them to be true.  In reliance on said representations, Plaintiffs were induced to and did  invest in PetroMed.  Had Plaintiffs known of the true facts, they would not have taken such action. Plaintiffs' reliance on Defendants' representations was reasonable and justified.

14.7    As a proximate result of Defendants' fraud and deceit, Plaintiffs have suffered general and special damages in a sum to be determined at trial.

## XV.    TWELFTH CAUSE OF ACTION –
## NEGLIGENT MISREPRESENTATION

(Amir, Koch, Durham, Harris, PetroMed, Inc., PetroMed, Ltd., PetroMed, PLC, PetroMed Corporation, Petromed Consortium Corporation of the Bahamas, and John Does 1-50)

15.1    Plaintiffs  reallege  every  allegation  previously  pled  as  if  such

COMPLAINT:  24

allegations were stated herein in their entirety.

15.2   Defendants' representations to Plaintiffs as stated herein, were made in the course of their business, profession or employment.   Such representations were false and Defendants knew of their falsity and/or Defendants had no reasonable grounds for believing them to be true, thus they did not exercise reasonable care in obtaining or communicating the information and the false representations were made to induce Plaintiffs to invest money in Defendants' business.

15.3   As a proximate result of Defendants' negligent misrepresentations, Plaintiffs suffered damages in a sum to be determined at time of trial.

## XVI.  THIRTEENTH CAUSE OF ACTION –
## UNIFORM FRAUDULENT TRANSFER ACT VIOLATION

(Amir, Koch, Durham, PetroMed, Inc., PetroMed, Ltd., PetroMed, PLC, PetroMed Corporation, Petromed Consortium Corporation of the Bahamas and John Does 1-50)

16.1   Plaintiffs reallege every allegation previously pled as if such allegations were stated herein in their entirety.

16.2   Plaintiffs are creditors of Defendant PetroMed, Inc. and its successors. Plaintiffs paid PetroMed, Inc. the funds described herein in return for shares of stock Plaintiffs never received and do not have.   By way of example of Defendants' wrongful conduct and not by way of limitation, Defendants owe

COMPLAINT: 25

Plaintiffs for which Plaintiffs bargained.

16.3   Defendants wrongfully converted for no consideration assets of the business rightfully owned by the shareholders to a shell corporation controlled by Defendants, PetroMed, Ltd. and other entities, with the intent to hinder, delay or defraud Plaintiffs after incurring a debt to Plaintiffs.

16.4   Said transfer is a violation of RCW 19.40 et seq., and Plaintiffs have been damaged and are entitled to relief as authorized under said statute.

## XVII.   FOURTEENTH CAUSE OF ACTION – CONSTRUCTIVE FRAUD

(Amir, Koch, Durham, PetroMed, Inc., PetroMed, Ltd., PetroMed, PLC, PetroMed Corporation, PetroMed Consortium Corporation of the Bahamas, and John Does 1-50)

17.1   Plaintiffs reallege every allegation previously pled as if such allegations were stated herein in their entirety

17.2   Defendants purposefully and intentionally converted assets of the PetroMed entities in a direct attempt to divest the Plaintiffs of their rightful ownership in the same.

17.3   The acts alleged herein demonstrate the Defendants had a fiduciary duty to the Plaintiffs owing them a heightened standard of care, the Defendants breached that fiduciary duty, amounting to constructive fraud, and the Plaintiffs were injured as a direct result of such breach in an amount to be proven at trial.

COMPLAINT: 26

## XVIII.   FIFTEEN CAUSE OF ACTION -
## CONSUMER PROTECTION ACT VIOLATION

(Amir, Koch, Durham, PetroMed, Inc., PetroMed, Ltd., PetroMed, PLC,
PetroMed Corporation, Petromed Consortium Corporation of the Bahamas,
and John Does 1-50)

18.1   Plaintiffs reallege every allegation previously pled as if such allegations were stated herein in their entirety.

18.2   Defendants' coercion of Plaintiffs to enter into a business transaction by making false promises to Plaintiffs was an unfair and deceptive act occurring in the stream of commerce.

18.3   The Defendants' and their agents' actions and/or omissions affected the public interest, were committed in the course of Defendants' business and Defendants' actions affected others.

18.4   Because Defendants Amir, Koch, Durham and John Does 1-50 actively solicited individuals in Washington State as investors, and since PetroMed, Inc.'s successors' shares are publicly traded, the deceptive practices had the potential to significantly impact the public interest.

18.5   As a direct and proximate cause of Defendants' wrongful actions and/or omissions, Plaintiffs suffered damages in violation of the Washington State Consumer Protection Act, RCW 19.86.020.

COMPLAINT: 27

## XIX.  SIXTEENTH CAUSE OF ACTION –
## BREACH OF FIDUCIARY DUTY

(Amir, Koch, and John Does 1-50)

19.1   Plaintiffs reallege every allegation previously pled as if such allegations were stated herein in their entirety.

19.2   As directors, officers shareholders and/or agents of PetroMed, Inc., PetroMed, Ltd. and/or PetroMed, PLC, and/or PetroMed Corporation Defendants Koch, Amir, and John Does 1-50 owed Plaintiffs a fiduciary duty with the utmost duty of undivided loyalty and fairness as well as other duties imposed and implied by law.

19.3   By refusing to deal fairly with Plaintiffs, by wrongfully converting assets that should have been owned by PetroMed, Inc. to PetroMed, PLC and PetroMed, PLC to PetroMed Corporation without consideration, and without shareholder notice or approval; and by refusing to deliver to Plaintiffs stock certificates reflecting their true ownership interest in the successor companies and other wrongful conduct, Defendants breached their fiduciary duties to Plaintiffs.

19.4   Said breach has caused Plaintiffs to suffer damages in a sum to be determined at the time of trial.

## XX.   SEVENTEENTH CAUSE OF ACTION – BREACH OF FIDUCIARY DUTY

(Durham and John Does 1-50)

20.1   Plaintiffs reallege every allegation previously pled as if such allegations were stated herein in their entirety.

20.2   As a director, officer and shareholder of PetroMed, Inc., PetroMed, Ltd. and/or PetroMed, PLC, and/or PetroMed Corporation, Defendant Lyle Durham owed Plaintiffs a fiduciary duty of loyalty and fairness as well as other duties imposed and implied by law.

20.3   As a member of the board of directors, Lyle Durham gave no direction to the company, and as an officer failed to do anything to insure minority shareholders in the company were protected.

20.4   By completely failing to perform all of his duties and responsibilities as a director and officer, said breach has caused Plaintiffs to suffer damages in a sum to be determined at the time of trial.

## XXI.  EIGHTEENTH CAUSE OF ACTION – CONVERSION

(Koch, Amir, Durham, PetroMed, Inc., PetroMed, Ltd., PetroMed, PLC, PetroMed Corporation, Petromed Consortium Corporation of the Bahamas, and John Does 1-50)

21.1   Plaintiffs reallege every allegation previously pled as if such allegations were stated herein in their entirety.

21.2   Throughout the existence of PetroMed, Inc. and its successor entities, Defendants solicited investors with the promise that funds acquired by PetroMed, Inc. through either investment or through financing would be used to acquire exploratory permits from the government of Israel, and that said permits would become assets of PetroMed, Inc.

21.3   In 2006, without notice to or authorization from the shareholders of PetroMed, Inc., Defendants directed that the exploratory permits be issued to PetroMed, Ltd. rather than PetroMed, Inc.  By their actions, Defendants willfully and without justification interfered and/or deprived the Plaintiffs of their rightful ownership in the assets of the companies in which they invested.

21.4   As a result of Defendants' conversion of assets from PetroMed, Inc., Plaintiffs have suffered damages in an amount to be established at time of trial.

WHEREFORE, having stated sufficient facts upon which to base a claim for relief, Plaintiffs pray for judgment jointly and severally as follows:

1.        For an order declaring specific performance of the parties' agreements;

2.        For judgment against Defendants for breach of contract in an amount to be proven at time of trial;

COMPLAINT: 30

3.    Plaintiffs are entitled to recover actual damages sustained as set forth in RCW 9A.82.100(4)(d), plus additional amounts incurred in bringing this cause of action, including but not limited to, reasonable investigative and attorney's fees as set forth in RCW 9A.82.100(1)(a) and (c);

4.    Plaintiffs are entitled to recover three times the actual damages sustained pursuant to RCW 9A.82.100(4)(d);

5.    Imposition of civil penalties, up to **$250,000,** against the Defendants, in addition to awarding the costs of the suit, including reasonable investigative and attorney's fees as provided or in RCW 9A.82.100(4)(d);

6.    Grant Plaintiffs such other and additional relief as provided for in RCW 9A.82.100, including but in no way limited to, reasonable restrictions on future activities of Defendants, ordering dissolution of certain PetroMed entities and ordering a forfeiture of the assets at issue;

7.    For judgment against the Defendants for violations of the Exchange Act and for Plaintiffs' attorneys fees and costs;

8.    For injunctive relief, including but not limited to, that available pursuant to case law interpreting and pursuant to the Exchange Act, to secure the assets of PetroMed, including but not limited to the drilling licenses 347 and 348 and the exploration permit 199 issued by the government of Israel;

COMPLAINT: 31

9.    For judgment against the Defendants for damages incurred by the Plaintiffs as a result of Defendants' civil conspiracy;

10.    For judgment against Defendants for violation of the Securities Act of Washington in an amount to be proven at time of trial, along with Plaintiffs' attorneys' fees and costs per RCW 21.20.430(1);

11.    For judgment against Defendants for fraud and/or negligent misrepresentation in an amount to be proven at time of trial;

12.    For judgment against Defendants awarding Plaintiffs damages and injunctive relief for fraudulent transfers in an amount to be proven at time of trial;

13.    For judgment against Defendants awarding Plaintiffs damages and attorney fees and costs for constructive fraud;

14.    For judgment against Defendants awarding Plaintiffs actual damages as well as treble damages and attorney fees for violation of the Consumer Protection Act in amounts to be proven at time of trial;

15.    For judgment against Defendants for breach of their fiduciary duties to Plaintiffs in an amount to be proven at time of trial and for attorney fees for the same;

16.    For judgment against Defendants for conversion, and for an order unwinding the transfer of 25,142,427 shares in PetroMed, PLC to PetroMed, Ltd.;

COMPLAINT: 32

17.    For an award of Plaintiffs' reasonable attorneys' fees and costs incurred herein;

18.    That all Defendants and all of their directors, officers, employees, agents, servants and all other persons in active concert or in participation with them, be enjoined temporarily during pendency of this action, and permanently thereafter, from committing any more acts in furtherance of the schemes alleged herein and take such other and further action as is necessary to protect and enjoin any activities by Defendants that in any way jeopardize the company assets;

19.    That all Defendants be required to account for all gains, profits, and advantages derived from their several improper acts alleged herein, including all violation(s) of applicable State and Federal law;

20.    That judgment be entered for Plaintiffs and against all Defendants for Plaintiffs' actual damages, and for any gains, profits, or advantages attributable to said violations;

21.    That all Defendants pay to Plaintiffs their costs of the lawsuit incurred herein including, but not limited to, all necessary research, all non-judicial enforcement and all reasonable counsel's fees, at a minimum of $200.00 per hour worked (Plaintiffs' standard professional rate at the start of this action);

22.    That Plaintiffs be granted leave to amend this Complaint; and

COMPLAINT:  33

23.     That Plaintiffs have such other and further relief as this Court deems just and proper, under the circumstances of this action.

DATED this ___1ˢᵗ___ day of ___July___, 2009.

STAMPER RUBENS, P.S.

By: _____

MICHAEL H. CHURCH
WSBA # 24957
MELODY D. FARANCE
WSBA #34044
DIANNE K. RUDMAN
WSBA #32794
720 W. Boone, Ste. 200
Spokane, WA  99201
mchurch@stamperlaw.com
mfarance@stamperlaw.com
drudman@stamperlaw.com
(509) 326-4800
Attorneys for Plaintiffs

H:\Fattah-Omar\Pldgs\COMPLAINT.final.doc

COMPLAINT:  34