UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| HOWARD CROSBY and OMAR FATTAH,<br><br>          Plaintiffs,<br><br>    v.<br><br>PETROMED, INC., a Nevada corporation; PETROMED, LTD., a Canadian corporation; PETROMED, PLC (a/k/a/ PETRMOED, PLC-UK), a United Kingdom corporation; PETROMED CORPORATION, a Belize corporation; HAGAI AMIR and JANE DOE AMIR, husband and wife d/b/a/a ABBERLEY INTERNATIONAL, LTD.,; RUSSELL KOCH and JANE DOE KOCH, husband and wife, d/b/a ATLANTIQUE CAPITAL GROUP and BOSWELL SYSTEMS CORPORATIONS; PETROMED CONSORTIUM CORPORATION OF THE BAHAMAS, a Bahamian corporation; LYLE DURHAM and DEBORAH L. DURHAM, husband and wife; THOMAS J. HARRIS, CPA, and JANE DOE HARRIS, husband and wife; JOHN DOES 1 THROUGH 50, INCLUSIVE,<br><br>          Defendants. | NO. CV-09-5055-EFS<br><br>**ORDER GRANTING PLAINTIFFS'** *EX PARTE* **MOTION FOR IMMEDIATE TEMPORARY RESTRAINING ORDER AND SETTING PRELIMINARY INJUNCTION HEARING** |

ORDER ~ 1

Before the Court, without oral argument, is Plaintiffs' *Ex Parte* Motion for Immediate Temporary Restraining Order (TRO). (Ct. Rec. 2.) Plaintiffs seek an immediate order restraining Defendants, and their officers, directors, agents, servants, employees, attorneys, representatives, and all persons in active concert or participation with them, from engaging in the following conduct until the Court considers Plaintiffs' Motion for Preliminary Injunction (Ct. Rec. 11):

1) transferring, secreting, dissipating, or selling any assets to any Defendant or to any third-party individual or entity, and

2) destroying books, records, accounts, ledgers, computer drives and files, or any other documentation identifying assets.

Under Federal Rule of Civil Procedure 65(b), a TRO may not be granted without written or oral notice to the adverse party unless:

(A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition, and

(B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.

FED. R. CIV. P. 65(b)(1); *see also* 11A Fed. Practice & Proc. Civ. 2d § 2952 (2009); 43A Corpus Juris Secundum: Injunctions § 305 (June 2009). Rule 65(d) requires the district court to articulate 1) the reasons why the TRO was issued, 2) the specific terms, and 3) describe in reasonable detail the act or acts restrained. Further, a TRO issued without notice must 1) describe the date and hour it was issued, 2) describe the injury and state why it is irreparable, 3) state why the order was issued without notice and 4) be promptly filed. FED. R. CIV. P. 65(b)(2).

ORDER ~ 2

1   "A [TRO] is not a preliminary adjudication on the merits: it is an
2   equitable device for preserving the status quo and preventing the
3   irreparable loss of rights before judgment."  *Textile Unlimited v.*
4   *A..bmhand Co.*, 240 F.3d 781, 786 (9th Cir. 2001).  The TRO standard
5   mirrors the preliminary injunction standard.  *See, e.g., Brown Jordan*
6   *Int'l, Inc. v. Mind's Eye Interiors, Inc.,* 236 F. Supp. 2d 1152, 1154 (D.
7   Haw. 2002); *Productive People, LLC v. Ives Design,* 2009 WL 1749751 at *3
8   (D. Ariz. June 18, 2009).  Thus, Plaintiffs must demonstrate that they
9   are likely to succeed on the merits, that they are likely to suffer
10  irreparable harm in the absence of preliminary relief, that the balance
11  of equities tips in their favor, and a TRO is in the public interest.
12  *Am. Trucking Ass'ns, Inc. v. City of Los Angeles*, 559 F.3d 1046, 1052
13  (9th Cir. 2009).

14      After reviewing the declarations of Omar Fattah (Ct. Recs. 3 & 8),
15  Roland Wheeler (Ct. Rec. 9), and Melody Farance (Ct. Recs. 4, 10, 13),
16  the Court is persuaded that the various dealings alleged therein exhibit
17  an effort by Defendants to deprive PetroMed, Inc. shareholders of
18  information and approval of the noted transactions which either have or
19  could cause irreparable injury and damage because the value of PetroMed,
20  Inc. shares has been or could be permanently diluted or lost due to
21  Defendants' action(s).  For instance, Nevada state records demonstrate
22  that PetroMed, Inc. has been owned and operated by Gerald Kern, an
23  individual with apparently no connection to the instant transactions;
24  therefore, Defendants solicited funds and issued stock for a corporation
25  they did not have authority to do so.   (Ct. Rec. 10 ¶¶ 2-6.)
26  Accordingly, the Court finds that a TRO is warranted because 1)

ORDER ~ 3

Plaintiffs have adequately demonstrated that they are likely to suffer irreparable harm, 2) Plaintiffs are likely to succeed on the merits of their securities-related causes of action, 3) the equities are in Plaintiffs' favor, and 4) the public is served by issuance of a TRO.

Further, the allegations in those same declarations persuade the Court that pre-hearing notice to Defendants of this TRO request could result in further injury or damage to Plaintiffs through Defendants' secretive conduct and transactions causing dilution or complete loss of value to Plaintiffs' PetroMed, Inc. shares. Defendants' alleged conduct leads to a reasonable inference that records and papers related to these alleged transactions and dealings may be removed or destroyed before Plaintiffs have the opportunity to obtain production of them as permitted by the Federal Rules of Civil Procedure. Accordingly, the Court finds this is part of "a very narrow band of cases in which ex parte orders are proper because notice to the defendant would render fruitless the further prosecution of the action." *Reno Air Racing Ass'n, Inc. v. McCord*, 452 F.3d 1126, 1131 (9th Cir. 2006) (quoting *Am. Can Co. v. Mansukhani*, 742 F.2d 314, 322 (7th Cir. 1984)). Therefore, the Court grants the requested relief without notice and sets the hearing on the Motion for Preliminary Injunction on an expedited basis.

For the reasons given above, **IT IS HEREBY ORDERED:**

1. Plaintiffs' *Ex Parte* Motion for Immediate Temporary Restraining Order (TRO) **(Ct. Rec. 2)** is **GRANTED**. The TRO shall become effective upon issuance, but shall not issue until Plaintiffs have deposited a **$50,000.00 bond** to the satisfaction of the Clerk of the Court.

2.   Defendants, and their officers, directors, agents, servants, employees, attorneys, representatives, and all persons in active concert or participation with them, are restrained from engaging in the following:

    a) transferring, secreting, dissipating, or selling any assets to any Defendant or to any third-party individual or entity, and

    b) destroying books, records, accounts, ledgers, computer drives and files, or any other documentation identifying assets.

3.   This TRO will expire ten (10) days from the entry of this Order, absent extension pursuant to Rule 65(b)(2).

4.   In order to hear Plaintiffs' Motion for Preliminary Injunction **(Ct. Rec. 11)** on an expedited basis, it is **RESET** from September 22, 2009, to **1:30 p.m. on Tuesday, August 25, 2009,** in **RICHLAND**.

**IT IS SO ORDERED.** The District Court Executive is directed to enter this Order and provide a copy to counsel.

**DATED** at 1:07 p.m. on this  6th  day of August 2009.

                          S/ Edward F. Shea
                          EDWARD F. SHEA
                       United States District Judge

Q:\Civil\2009\5055.tro.wpd

ORDER ~ 5