1
2
3
4
5
6                    UNITED STATES DISTRICT COURT
                     EASTERN DISTRICT OF WASHINGTON
7

8  HOWARD CROSBY; OMAR FATTAH;
   DONALD LEWIS and CAROL LEWIS,    | NO. CV-09-5055-EFS
9  husband and wife; CYNTHIA
   ROGERS; DAVID SOLOMON; and       | **ORDER DENYING DEFENDANTS'**
10 HENRI MOREAU,                      **MOTION TO DISMISS WITH**
                                      **PREJUDICE**
11                Plaintiffs,

12            v.

13 PETROMED, INC., a Nevada
   corporation; PETROMED, LTD.,
14 a Canadian corporation;
   PETROMED, PLC (a/k/a/
15 PETRMOED, PLC-UK), a United
   Kingdom corporation; PETROMED
16 CORPORATION, a Belize
   corporation; HAGAI AMIR and
17 JANE DOE AMIR, husband and
   wife d/b/a/a ABBERLEY
18 INTERNATIONAL, LTD.,; RUSSELL
   KOCH and JANE DOE KOCH,
19 husband and wife, d/b/a
   ATLANTIQUE CAPITAL GROUP and
20 BOSWELL SYSTEMS CORPORATIONS;
   PETROMED CONSORTIUM
21 CORPORATION OF THE BAHAMAS, a
   Bahamian corporation; LYLE
22 DURHAM and DEBORAH L. DURHAM,
   husband and wife; THOMAS J.
23 HARRIS, CPA, and JANE DOE
   HARRIS, husband and wife;
24 JOHN DOES 1 THROUGH 50,
   INCLUSIVE,
25
                  Defendants.
26

ORDER ~ 1

Plaintiffs sued Defendants for securities fraud and several state law violations. On February 22, 2010, the Court dismissed Plaintiffs' First Amended Complaint. (Ct. Rec. 110.) In that Order, the Court dismissed only two claims with prejudice; it dismissed most of the securities fraud claims without prejudice for inadequate pleading, and dismissed the state law claims without prejudice for lack of jurisdiction. *Id.* at 19. The Court permitted Plaintiffs to file a Second Amended Complaint no later than March 25, 2010. *Id.*

A Second Amended Complaint never appeared. Instead, Plaintiffs chose to pursue their claims in state court. Defendants now move to dismiss the whole case with prejudice. According to Defendants, Plaintiffs' failure to file a Second Amended Complaint amounts to an admission that the federal claims are meritless, and the prosecution of this case in state court indicates that dismissal of the state law claims with prejudice is preferable. Defendants also request a briefing schedule to discuss their entitlement to attorney fees based on Plaintiffs' alleged Federal Rule of Civil Procedure 11 violations.

**I. Federal Claims**

Plaintiffs' federal claims are not subject to dismissal with prejudice. Although Plaintiffs did not file a Second Amended Complaint, they were not required to do so; rather, pursuing the claims in state court constituted consent to dismissal without prejudice. In no way does Plaintiffs' abandonment of their federal claims in this Court constitute an admission that those claims lacked merit. Two of Plaintiffs' claims were dismissed with prejudice, but the remainder were dismissed for

ORDER ~ 2

inadequate pleading under the heightened standards of the Private Securities Litigation Reform Act ("PSLRA"). Dismissal on that basis does not amount to "an adjudication on the merits" such that dismissal with prejudice is appropriate. *See Semtek Int'l, Inc. v. Lockheed Martin Corp.*, 531 U.S. 497, 505 (2001) (citations omitted).

Defendants cite numerous Ninth Circuit cases to support their assertion that dismissal with prejudice is warranted after a plaintiff has had more than one opportunity to amend its complaint. Two unpublished dispositions purportedly support that assertion directly. *Facy v. Dufficy*, 181 F. App'x 643 (9th Cir. 2006); *Gibler v. Barnhart*, 111 F. App'x 504 (9th Cir. 2004). To begin, those cases are not binding precedent and should not be cited in court documents. *See* 9th Cir. R. 36-3(a). Those cases also hold merely that district courts do not abuse their discretion by dismissing a second amended complaint with prejudice when a plaintiff fails to meet the pleading standards after two opportunities for amendment. *Facy*, 181 F. App'x 643; *Gibler*, 111 F. App'x 504. They do not hold that a plaintiff's decision not to file an amended complaint but instead to pursue its claims in state court amounts to an admission that the claims lacked merit. The remainder of the cases Defendants cite hold only that a district court has particularly wide discretion not to grant leave to amend when the plaintiff already amended multiple times. *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 186 n.3 (9th Cir. 1987); *Fidelity Fin. Corp. v. Fed. Home Loan Bank of SF*, 792 F.2d 1432, 1438 (9th Cir. 1986); *Mooney v. Vitolo*, 435 F.2d 838, 839 (2d Cir. 1970). The Court exercises its discretion not to dismiss with prejudice in this case.

ORDER ~ 3

## II. State Claims

When a court dismisses pendent state law claims for want of jurisdiction, dismissal without prejudice is the norm. *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 351 (1988). The case Defendant cites does not hold otherwise. *Satey v. JPMorgan Chase & Co.*, 521 F.3d 1087 (9th Cir. 2008). That case holds that courts ordinarily should dismiss pendent state law claims when the plaintiff does not pursue the federal claim that provided jurisdiction. *Id.* at 1091. It does not hold that a federal court must dismiss pendent state law claims with prejudice in the absence of a federal claim. Indeed, it holds quite the opposite: it recognizes that a court has discretion to retain jurisdiction over the state law claims if the interests of justice so require. *Id.* The Court declines to dismiss the state law claims with prejudice while those claims are pending in state court. This Court did not adjudicate those claims on the merits. It would be improper to give preclusive effect to a dismissal based on the Court's discretionary decision not to exercise pendent jurisdiction over state claims.

## III. Rule 11

Under 15 U.S.C. § 78u-4(c), "upon final adjudication of the action," a district court must make "specific findings regarding compliance by each party and each attorney representing any party with each requirement of Rule 11(b) of the Federal Rules of Civil Procedure as to any complaint, responsive pleading, or dispositive motion." It must impose sanctions if it finds a Rule 11 violation. *Id.*

The Court does not find any improper conduct by Plaintiffs' counsel in this case. Two claims were dismissed with prejudice, the remainder for

ORDER ~ 4

inartful pleading. In their First Amended Complaint, Plaintiffs made detailed allegations concerning Defendants' misrepresentations and the losses they caused. Although those pleadings were deficient, they raised Plaintiffs' claims well above frivolity. Defendants did not suggest that Plaintiffs acted with intent to harass. Accordingly, the Court easily concludes from the current record that Defendants are not entitled to sanctions for Rule 11 violations. *See In re Initial Pub. Offering Sec. Litig.*, 399 F. Supp. 2d 369, 372 (S.D.N.Y. 2005) (holding that when a securities fraud plaintiff pled detailed allegations, including summaries of statements made in connection with a fraudulent scheme, but the pleadings were deficient under the PSLRA, there was no basis to award Rule 11 sanctions).

Furthermore, there has been no final adjudication of the securities fraud claims. After they were dismissed without prejudice, Plaintiffs declined to pursue them further. Dismissal without prejudice is not a final adjudication on the merits. *See In re Corey*, 892 F.2d 829, 835 (9th Cir. 1989) (holding that a dismissal without prejudice has no res judicata effect). Therefore, the Court declines to provide a briefing schedule for Rule 11 sanctions. *See In re Cross Media Mktg. Corp. Sec. Litig.*, 314 F. Supp. 2d 256, 269 (S.D.N.Y. 2004) (declining to rule on Rule 11 sanctions when dismissing a securities fraud case without prejudice because the dismissal was not final).

Accordingly, **IT IS HEREBY ORDERED:**

1) Defendants' Motion to Dismiss Plaintiffs' Federal and State Claims with Prejudice and to Set Schedule Regarding Attorneys' Fees Under PSLRA **(Ct. Rec. 111)** is **DENIED.**

ORDER ~ 5

2) The Clerk of the Court is **DIRECTED** to enter judgment **without prejudice** in Defendants' favor on all claims.

3) All pending motions are **DENIED as moot.**

4) This file shall be closed.

**IT IS SO ORDERED.** The District Court Executive is directed to enter this Order and provide copies to counsel.

**DATED** this 16th day of June 2010.


                S/ Edward F. Shea
                EDWARD F. SHEA
            United States District Judge

Q:\Civil\2009\5055.prejudice.wpd

ORDER ~ 6